UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-164 - LLK

FALCONITE PROPERTIES, INC.,                                                      PLAINTIFF
FALCONITE DEVELOPMENT, INC,
F&F LEASING, INC.,
STRAWBERRY HILL LLC
CARDINAL POINT PROPERTIES, LLC,
OLIVET CONSTRUCTION, LLC,
FALCONITE-HIPP, LLC, AND
FALCONITE-HIPP ENTERPRISES, LLC

VS.

PADUCAH-McCRACKEN COUNTY                                 DEFENDANT
JOINT SEWER AGENCY

**ORDER**

This matter is before the Court on the motion for sanctions filed by Defendant Paducah-McCracken County Joint Sewer Agency ("JSA") (Docket #25). A response was filed by the Plaintiffs Falconite Properties, Inc., Falconite Development, Inc., F&F Leasing, Inc., Strawberry Hill, LLC, Cardinal Point Properties, LLC, Olivet Construction, LLC, Falconite-Hipp, LLC, and Falconite-Hipp Enterprises, LLC (collectively "Falconite") (Docket #30). JSA has replied. (Docket #21).

Chief Judge Joseph H. McKinley has referred this case to Magistrate Judge Lanny King for report and recommendations, pursuant to 28 U.S.C. § 636, for "recommendations for disposition." (Docket #34).

For the foregoing reasons, the magistrate judge RECOMMENDS that the JSA's motion for sanctions be GRANTED to the extent that JSA seeks an award of attorneys' fees, and DENIED to the extent that JSA seeks dismissal.

1

## BACKGROUND

Falconite is a collection of businesses that develop property in McCracken County. (Docket #1). JSA is the sewer agency for Paducah and McCracken County. (Docket #1).

Falconite constructs a sewer extension for some of its property developments. (Docket #1). Falconite alleges that it is the policy of JSA to require these privately constructed sewer facilities be "dedicated" to JSA as a prerequisite to JSA providing sewer service. (Docket #1). Falconite further alleges that JSA does not pay compensation for acquiring these sewer extensions, but rather "charges developers exorbitant 'tap-on fees.'" (Docket #1).

On January 10, 2013, JSA served written discovery request on Falconite. (Docket #17). In part, JSA sought financial information to support JSA's defense that Falconite saves money by transferring the burden of maintaining sewer systems onto JSA.

This Court ordered Falconite to respond to the requests by May 3, 2012. (Docket #13). JSA alleged that Falconite did not comply with this order, and this Court granted JSA leave to file a motion to compel. (Docket #16). JSA filed a motion to compel, and the parties briefed the issue. (Docket #17, 18, 21).

This Court entered an order that granted in part and denied in part JSA's motion to compel. (Docket #23). Among other things, the Court required Falconite to produce financial information regarding the profitability of Falconite's developments and the operating costs Falconite incurred in developing and maintaining sewer systems. Falconite was ordered to produce these discovery responses on or before July 17, 2013. (Docket #23).

On July 23, 2013, JSA filed the present motion for sanctions. (Docket #25). JSA alleges that Falconite failed by comply with this Court's order by not producing the requested

documents. (Docket #25). JSA requested that Falconite's claim be dismissed, or alternatively, that JSA be awarded its attorneys' fees. (Docket #25).

Falconite admits in its response that Falconite "did not fully comply with the Court's order by the deadline imposed," but argues that it has "substantially complied" and therefore its claims should not be dismissed. (Docket #30).

## DISCUSSION

A court may sanction a party that has failed to comply with a court order, and such order is "reviewable only for abuse of discretion." Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir. 1988).

Sanctions serve the "dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995); NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976).

There is a broad range of sanctions available to the court. Turner v. Gonterman, 2009 U.S. Dist. LEXIS 23008 *7 (E.D. Ky. 2009) ("Rule 37(b)(2)(A) provides for multiple levels of sanctions for failure to comply with court orders."). Most drastically, the court may dismiss the case, grant default judgment, or strike pleadings. Id; Fed.R.Civ.P. 37(b)(2)(C). Less severely, the court may prohibit the disobedient party from relying on unproduced discovery, or may direct that the facts sought are conclusively established in a light favorable to the party seeking discovery. Fed.R.Civ.P. 37(b)(2)(C). Finally, the court may require the disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" as an alternative or additional sanction. Mafcote, Inc. v. Fed. Ins. Co., 2011 U.S. Dist. LEXIS 95571 *7 (W.D. Ky. 2011); Fed.R.Civ.P. 37(b)(2)(C).

In deciding whether sanctions are appropriate, the court should consider the willfulness of the disobedience, the prejudice to the adverse party, and the sufficiency of lesser sanctions to deter such conduct. Taylor, 861 F.2d at 986; Mafcote, 2011 U.S. Dist. LEXIS 95571 (W.D. Ky. 2011). Dismissal is a "harsh sanction," generally meted out when the disobedient party acted in "bad faith," caused "prejudice" to the adverse party, and had "notice" that such continuing conduct could result in dismissal. Collins v. Waste Mgmt. of Ky. Holdings, Inc., 2008 U.S. Dist. LEXIS 55521 *9-14 (E.D. Ky. 2008); but see Harmon v. CSX Transp., 110 F.3d 364, 369 (6th Cir. 1997) (holding "sufficiently egregious conduct" could justify "dismissal as the first and only sanction.").

In the present case, Falconite has self-admittedly failed to "fully comply" with this Court's order to respond to discovery requests. (Docket #30). However, it is not apparent that Falconite acted in bad faith. Falconite resisted JSA's motion to compel, and while this Court ultimately granted most of JSA's requests, it did find that Falconite had raised legitimate defenses to producing certain discovery. (Docket #23). Nor has Falconite refused to produce the remaining discovery. Instead, Falconite has sought additional time to complete disclosures, and has represented to the Court that Falconite is near completing its disclosures. Finally, while JSA may have suffered prejudice in the form of extra legal fees to pursue this discovery, such prejudice can be cured by requiring Falconite to pay JSA's attorneys' fees.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the JSA's motion for sanctions (Docket #25) be GRANTED with Falconite to pay JSA's reasonable attorneys' fees in preparing JSA's motion for sanctions (Docket #25); reply (Docket #32); and attending teleconferences held on July 24, 2013 (Docket #26), July 31, 2013 (Docket #29), August 19, 2013 (Docket #31), and September

16, 2013 (Docket #33).  JSA's reasonable attorneys' fees should not include JSA's counsel's review of discovery materials, which are an expense JSA would incur in any event.

If Falconite fails to complete its discovery disclosures by October 31, 2013, then JSA shall have leave to file a renewed motion for sanctions, including dismissal of Falconite's claims.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), any party shall have a period of fourteen (14) days, including intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a)(1)(B), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections.  A period of three days shall be added to each fourteen (14) day period.  Fed.R.Civ.P. 6(d) and 5(b)(2)(E).

The original objections shall be sent to the Clerk of Court either electronically or by mail. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  Thomas v. Arn, 474 U.S. 140 (1985).

c: counsel