## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:12-CV-164 - LLK

**FALCONITE PROPERTIES, INC.,**                                             **PLAINTIFF**
**FALCONITE DEVELOPMENT, INC,**
**F&F LEASING, INC.,**
**STRAWBERRY HILL LLC**
**CARDINAL POINT PROPERTIES, LLC,**
**OLIVET CONSTRUCTION, LLC,**
**FALCONITE-HIPP, LLC, AND**
**FALCONITE-HIPP ENTERPRISES, LLC**

**VS.**

**PADUCAH-McCRACKEN COUNTY**                                     **DEFENDANT**
**JOINT SEWER AGENCY**

---

### ORDER

---

This matter is before the Court on the second motion for sanctions filed by Defendant

Paducah-McCracken County Joint Sewer Agency ("JSA") (Docket #37).  A response was filed

by the Plaintiffs Falconite Properties, Inc., Falconite Development, Inc., F&F Leasing, Inc.,

Strawberry Hill, LLC, Cardinal Point Properties, LLC, Olivet Construction, LLC, Falconite-

Hipp, LLC, and Falconite-Hipp Enterprises, LLC (collectively "Falconite") (Docket #44).  JSA

has replied.  (Docket #47).

Chief Judge Joseph H. McKinley has referred this case to Magistrate Judge Lanny King

for report and recommendations, pursuant to 28 U.S.C. § 636, for "recommendations for

disposition." (Docket #34).

For the foregoing reasons, the magistrate judge RECOMMENDS that the JSA's motion

for sanctions be GRANTED to the extent that JSA seeks an award of attorneys' fees, and

DENIED to the extent that JSA seeks dismissal.

## BACKGROUND

Falconite is a collection of businesses that develop property in McCracken County. (Docket #1). JSA is the sewer agency for Paducah and McCracken County. (Docket #1). Further facts about this case can be found in the Report and Recommendation on JSA's first motion for sanctions (Docket #35).

JSA has previously filed a motion to compel and a motion for sanctions in this case. (Docket #17, 25). The Court granted JSA's request that Falconite produce financial information, but denied JSA's request for Falconite's tax returns. (Docket #23). Falconite was ordered to produce discovery by July 17, 2013. (Docket #35, 39). On July 23, 2013, JSA filed its first motion for sanctions seeking dismissal of Falconite's complaint and requesting attorneys' fees. (Docket #25). The Court granted JSA's request for attorneys' fees, denied JSA's request for dismissal, and ordered Falconite to produce discovery by October 31, 2013 (Docket #35, 39).

On November, 1, JSA filed this second motion for sanctions on the grounds that Falconite had not timely complied with this Court's order to supplement discovery (Docket #37). JSA seeks both dismissal of Falconite's claims and attorneys' fees. Over the course of several teleconferences, it was clear that while the majority of discovery request had been answered, Falconite and JSA disputed the wording in one of Falconite's responses to an interrogatory, and Falconite had failed to certify its answers to interrogatories. On January 27, 2014, the parties confirmed that Falconite has completed all discovery requests. (Docket #50).

## DISCUSSION

The court may sanction a party who has failed to comply with a court order, and such order is "reviewable only for abuse of discretion." Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir. 1988).

Sanctions serve the "dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995); NHL v. Metro. Hockey Club, 427 U.S. 639, 643 (1976).

There is a broad range of sanctions available to the court. Turner v. Gonterman, 2009 U.S. Dist. LEXIS 23008 *7 (E.D. Ky. 2009) ("Rule 37(b)(2)(A) provides for multiple levels of sanctions for failure to comply with court orders."). Most drastically, the court may dismiss the case, grant default judgment, or strike pleadings. Id; Fed.R.Civ.P. 37(b)(2)(C). Less severely, the court may prohibit the disobedient party from relying on unproduced discovery, or may direct that the facts sought are conclusively established in a light favorable to the party seeking discovery. Fed.R.Civ.P. 37(b)(2)(C). Finally, the court may require the disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" as an alternative or additional sanction. Mafcote, Inc. v. Fed. Ins. Co., 2011 U.S. Dist. LEXIS 95571 *7 (W.D. Ky. 2011); Fed.R.Civ.P. 37(b)(2)(C).

In deciding whether sanctions are appropriate, the court should consider the willfulness of the disobedience, the prejudice to the adverse party, and the sufficiency of lesser sanctions to deter such conduct. Taylor, 861 F.2d at 986; Mafcote, 2011 U.S. Dist. LEXIS 95571 (W.D. Ky. 2011). Dismissal is a "harsh sanction," generally meted out when the disobedient party acted in "bad faith," caused "prejudice" to the adverse party, and had "notice" that such continuing conduct could result in dismissal. Collins v. Waste Mgmt. of Ky. Holdings, Inc., 2008 U.S. Dist. LEXIS 55521 *9-14 (E.D. Ky. 2008); but see Harmon v. CSX Transp., 110 F.3d 364, 369 (6th Cir. 1997) (holding "sufficiently egregious conduct" could justify "dismissal as the first and only sanction."). There is a "preference . . . that litigation be resolved on the merits and not by dismissal." Archer v. Heiss, 1999 U.S. Dist. LEXIS 1241 *5 (S.D.N.Y. 1999).

Falconite has previously been warned that failure to comply could result in dismissal of its claims.  (Docket #35).  Furthermore, JSA has been prejudiced by the delay in collecting discovery which JSA needed to file its motion for summary judgment.  Nonetheless, dismissal of Falconite's claims are not appropriate at this time.  Although Falconite has been late in complying with this Court's order, Falconite has complied.  (Docket #44).  JSA has now filed a motion for summary judgment.  (Docket #49).  JSA has suffered prejudice, but it is the sort that can be remedied by granting JSA attorneys' fees.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the JSA's motion for sanctions (Docket #25) be GRANTED with Falconite to pay JSA's reasonable attorneys' fees for JSA's attendance at teleconferences held on April 19, 2013 (Docket #13), May 10, 2013 (Docket #15), May 20, 2013 (Docket #16), June 26, 2013 (Docket #24), December 9, 2013 (Docket #43); December 16, 2013 (Docket #46); January 6, 2014 (Docket #46), and January 27, 2014 (Docket #50) and for preparing JSA's Renewed Motion for Sanctions (Docket #37) and Reply (Docket #47).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), any party shall have a period of fourteen (14) days, including intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a)(1)(B), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections.  A period of three days shall be added to each fourteen (14) day period.  Fed.R.Civ.P. 6(d) and 5(b)(2)(E).

The original objections shall be sent to the Clerk of Court either electronically or by mail.

Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that

party.  Thomas v. Arn, 474 U.S. 140 (1985).

c: counsel