UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-164 - JHM - LLK

**FALCONITE PROPERTIES, INC.,**                                                                  **PLAINTIFF**
**FALCONITE DEVELOPMENT, INC,**
**F&F LEASING, INC.,**
**STRAWBERRY HILL LLC**
**CARDINAL POINT PROPERTIES, LLC,**
**OLIVET CONSTRUCTION, LLC,**
**FALCONITE-HIPP, LLC, AND**
**FALCONITE-HIPP ENTERPRISES, LLC**

**VS.**

**PADUCAH-McCRACKEN COUNTY**                                                      **DEFENDANT**
**JOINT SEWER AGENCY**

## ORDER

This matter is before the Court on the Motion to Set a Date by which Attorneys' Fees Must be Paid, filed by Defendant Paducah-McCracken County Joint Sewer Agency ("JSA") (Docket #59). A response was filed by the Plaintiffs Falconite Properties, Inc., Falconite Development, Inc., F&F Leasing, Inc., Strawberry Hill, LLC, Cardinal Point Properties, LLC, Olivet Construction, LLC, Falconite-Hipp, LLC, and Falconite-Hipp Enterprises, LLC (collectively "Falconite") (Docket #62). JSA has replied. (Docket #63).

Chief Judge Joseph H. McKinley has referred this case to Magistrate Judge Lanny King for ruling on discovery issues (Docket #9). For the foregoing reasons, JSA's motion is GRANTED. Falconite shall pay $6,475 to JSA thirty days after final judgment is entered.

## BACKGROUND

Falconite is a collection of businesses that develop property in McCracken County. (Docket #1). JSA is the sewer agency for Paducah and McCracken County. (Docket #1).

1

Further facts about this case can be found in the Report and Recommendation on JSA's first motion for sanctions (Docket #35).

JSA filed a motion seeking sanctions against Falconite for Falconite's failure to timely answer discovery requests. (Docket #37). This Court granted JSA's motion and awarded JSA its attorneys' fees (Docket #52, 54). JSA listed $6,475 in attorney's fees. (Docket #56).

This Court did not set a date by which Falconite was required to pay JSA. JSA now moves to have this Court set that date. (Docket #59). Falconite responds that the appropriate time for Falconite to pay JSA is when litigation concludes. (Docket #62). JSA replies that it has been forced to incur these unnecessary costs and should be reimbursed immediately. (Docket #63).

## DISCUSSION

Neither party has cited case law regarding when sanctions such as attorneys' fees must be paid. Our sister courts in the Sixth Circuit have held a trial court has discretion to order sanctions payable either immediately or at a later date. Melton v. Clearfield Ohio Holdings, Inc., 2010 U.S. Dist. LEXIS 136264 (S.D. Ohio 2010) ("[the Supreme Court] strongly implied that a district court which had imposed sanctions remained able to review the matter before final judgment, which implies that immediate payment is not automatically compelled"); see also Watkins & Son Pet Supplies v. Iams Co., 197 F. Supp. 2d 1030 (S.D. Ohio, 2002).

This approach is consistent with other Circuits. Kucala Enters. v. Auto Wax Co., 2004 U.S. Dist. LEXIS 5723 *11 (N.D. Ill, 2004) ("Ultimately, it is a discretionary matter."); Riverhead Sav. Bank v. National Mortg. Equity Corp., 893 F.2d 1109, 1114 (9th Cir. 1990) ("Sanctions imposed during the pendency of a case, but not made immediately payable, may be rescinded later or modified by the court."); see generally United States v. Kouri-Perez, 187 F.3d

1 (1st Cir. 1999);  Hornbuckle v. Arco Oil & Gas Co., 770 F.2d 1321 (5th Cir. 1985); Schaffer v. Iron Cloud, Inc., 865 F.2d 690 (5th Cir. 1989); Ortho Pharmaceutical Corp. v. Sona Distributors, 847 F.2d 1512 (11th Cir. 1988).

Accordingly, this Court has discretion in ordering when Falconite must pay $6,475 in attorneys' fees to JSA.

JSA argues that it has been inconvenienced by incurring attorneys' fees due to Falconite's sanctioned conduct.  (Docket #63).  JSA stresses the unfairness in allowing Falconite to put these unnecessary costs on JSA now, but not reimburse JSA until after litigation ends.  (Docket #63).  Conversely, Falconite argues that it is efficient to wait until after litigation concludes before Falconite must pay JSA, as Falconite may be able to offset its sanctions by a recovery in the underlying action.  (Docket #62).  While neither position in compelling, the inconvenience JSA may suffer is outweighed by the efficiency in having the parties settle their accounts after litigation has ended.

IT IS HEREBY ORDERED that JSA' motion (Docket #59) is GRANTED.  Falconite shall pay $6,475 to JSA thirty days after a final judgment is entered in this case.